EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back     Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 19-0066

| | | |
|---|---|---|
| KYLE MCCARRELL VS. OFFERS.COM LLC | § § § § § | Case Type: **Other Injury or Damages** <br> Date Filed: **01/11/2019** <br> Location: **274th District Court** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| Defendant | **Offers.com** <br> Registered Agent: Steve Schaffer <br> 7801 N. Capital of Texas Highway <br> Suite 300 <br> Austin, TX 78731 | | **Peter D Kennedy** <br> *Retained* <br> 512-480-5764(W) |
| Plaintiff | **McCarrell, Kyle J** <br> 1712 E Riverside 300 <br> Austin, TX 78741 | DOB: 06/02/1973 | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/11/2019 | **Court's Docket Sheet** |
| 01/11/2019 | **Plaintiffs Original Petition (Open Case)** |
| 01/11/2019 | **Affidavit of Inability to Pay Costs** <br> *Kyle McCarrell* |
| 01/14/2019 | **Amended Petition** |
| 01/16/2019 | **Request for Issuance of Process** <br> *Offers.Com LLC* |
| 01/16/2019 | **Citation** |

| | | |
|---|---|---|
| | Offers.com | |
| | Served | 01/18/2019 |
| | Returned | 01/22/2019 |

| | |
|---|---|
| 02/08/2019 | **Defendant's Original Answer** <br> *Offers.com* |
| 02/11/2019 | **Amended Petition** <br> *Second* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant Offers.com** <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 02/14/2019** | | 2.00 <br> 2.00 <br> **0.00** |
| 02/08/2019 | Transaction Assessment | | 2.00 |
| 02/08/2019 | Texfile Electronic Payment  Receipt # 247901-DC | Offers.com | (2.00) |
| | **Plaintiff McCarrell, Kyle J** <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 02/14/2019** | | 425.00 <br> 0.00 <br> **425.00** |
| 01/14/2019 | Transaction Assessment | | 302.00 |
| 01/16/2019 | Transaction Assessment | | 40.00 |
| 01/16/2019 | Transaction Assessment | | 83.00 |

1007001307982B

**19 — 0066**
Filed: 01/11/2019

Other Injury or Damages | 274th District Court

KYLE MCCARRELL VS. OFFERS.COM LLC

Plaintiff
McCarrell, Kyle J

Lead Attorney:
Pro Se

Defendant
Offers.com

Lead Attorney

CIVIL DOCKET

| DATE | ORDERS OF THE COURT |
|------|---------------------|
|      |                     |

19-0066

CAUSE NUMBER:_____

FILED
1/11/2019 1:44 AM
Beverly Crumley
District Clerk
Hays County, Texas

| | | |
|---|---|---|
| Kyle McCarrell<br>    Plaintiff | } | IN THE _____ DISTRICT COURT |
| | } | |
| vs. | } | |
| | } | |
| Offers.com LLC | } | |
|     Defendant(s) | } | HAYS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Plaintiff brings this action for violations under Texas Statute Title 10 of the Business and Commerce Code Subtitle B, Chapter 321 Electronic Mail Solicitation & Texas Deceptive Trade Practices Act and would respectfully show as follows:

### I.
### PARTIES

1.) **Plaintiff, Kyle McCarrell**, is a resident of the State of Texas residing at 1433 N IH 35 #140, San Marcos, Texas 78666 mailing address of 1712 E Riverside 300, Austin, TX 78741.  All service of process at email *kyle.mccarrell73@gmail.com*

2.) **Defendant, Offers.com**. is a Delaware corporate entity operating or conducting business doing business from address shown on the email solicitations of 7801 N Capital of Texas Hwy, Ste 300, Austin, TX 78731 (Travis County Central Appraisal District reflects the same information) Service may be made by serving any Agent, Officer, Director, or Partner. **Register Agent is shown as Steve Schaffer 7801 N Capital of Texas Hwy., Ste 300, Austin, TX 78731.**

### II.
### DISCOVERY

3.) Plaintiff asserts that this suit is properly classified under Texas Discovery Rules under Level 2 pursuant to Texas Rules of Civil Procedure 190.2; and asserts that he fully intends to pursue under Level 2.

4.) The amount currently in controversy is approximately over $50,000.00 and under $500,000.00.

### III.
### JURISDICTION & VENUE

5.)   Plaintiff asserts and contends that the Jurisdiction and Venue is proper in Hays
      County, Texas as the Plaintiff lives in the City of San Marcos; and the
      Defendant's emails were received in Hays County Texas which gave rise to the
      proposed business transactions between the Defendant and the Plaintiff.

### IV.
### FACTUAL BACKGROUND

6.)   Plaintiff began receiving unsolicited emails from Defendant on December 19,
      2018

7.)   Plaintiff received second email from Defendant on December 21, 2018.

8.)   Plaintiff used the opt out link provided in the unsolicited email received on
      December 21, 2018 to remove himself from the mailing list of the Defendant.

9.)   Plaintiff received conformation of the removal from the Defendant's mailings
      on December 21,2018, which the Plaintiff printed off such conformation stating
      that the Defendant's records had been updated.

10.)  Plaintiff was under the informed belief with the conformation of removal issued
      by Defendant that he would no longer receive unwanted email solicitation.

11.)  Plaintiff temporarily cease receiving emails from the Defendant; then the
      solicitation once again started.

12.)  Plaintiff would show that the Defendant after being notified of the opt'd out by the
      Plaintiff under Texas Law continued to send emails after the 3 day allotted time
      period as follows:

      Date:          Subject Line:

      12/25/2018     Christmas Sales: Macy's Vera Bradley, Walmart, JCPenny and
                     more!

      12/26/2018     Crocks | Nordstrom | Spanx | Pioneer Woman | Tory Burch

| 12/27/2018 | Christmas Clearance \| Hunter for $99 \| $50 iTunes Gift Card |
| 12/28/2018 | $90 HDTV \| Nike Flash Sale \| 45% off Cuisinart Cookware Set |
| 12/29/2018 | 65% off Riding Boots \| JCPenny Winter Sale \| Miraclesuit Flash Sale |
| 12/30/2018 | Fire Tablets \| Air Mattresses from $8 \| Amazon Coupons |
| 12/31/2018 | Mattresses from $72 \| 52% off Olay \| Year End Clearance |

13.) Plaintiff again opt'd out on January 1, 2019 which again the Plaintiff printed off the opt'd out notice showing that the record was updated on January 1, 2019.

14.) Plaintiff sent demand letter to the Defendant with a copy of the draft of the original petition; which originally listed the incorrect provision relating to electronic communications.

15.) Plaintiff after being contacted by Defendant's Legal Counsel provided the correct Statute for the Defendant to reference (Tex. Bus. & Com. Code Title 10, SubTitle B. Chapter 321)

16.) Plaintiff was asked by Defendant to forward the email that were sent to the Plaintiff for the Defendant's Counsel to review; which the Plaintiff complied as this would also reduce the amount of discovery in the event suit was filed.

17.) Plaintiff sent a request for status update on January, 2019 for which there was no response as to status request; giving the Plaintiff, having experience the same tactic with others, that the Defendant had no intention of responding to the Demand Letter for which to proceed with suit. Plaintiff additionally sent a copy of the revised draft of the Plaintiff's Original Petition to the Defendant's Counsel prior to filing this instant suit.

## V.
## LEGAL STANDARD

18.) Plaintiff is a consumer as defined by Texas Business and Commerce Code Chapter 17 Subchapter E.

19.)    Plaintiff would show that pursuant to Texas Business & Commerce Code Title 10, SubTitle B, Chapter 321 Unsolicited Electronic Mail Message (a): that a person may not intentionally take any action to send an unsolicited commercial electronic mail message unless (2) the sender of the message or a person acting on behalf of the sender provides a functioning return electronic mail address to which a recipient my, at no cost to the recipient, send a reply requesting the removal of the recipient's electronic mail address from the sender's electronic mail list. (b) A sender shall remove a person's electronic mail address from the sender receives a request for removal of that address.

20.)    Plaintiff would show that pursuant to the aforementioned statute that Section 46.007 a private right of action under Deceptive Trade Practice Act (DTPA)for which the Plaintiff is a consumer protected under that act.

21.)    Section 17.50 of the Texas Business and Commerce Code describes types of wrongful acts that can provide a basis for a consumer's suit under the DTPA. These include deceptive acts or practices, breach of warranty, unconscionable course of action, and violations of tie-in statutes. Section 17.46(b)of the Texas Business and Commerce Code sets forth the specific acts or practices that are considered false, misleading or deceptive. An unconscionable act or practice means any act that, to the consumer's detriment.

22.)    Plaintiff would show that in lieu of actual damages, the Plaintiff injured by a violation of this chapter arising from the transmission of an unsolicited or commercial electronic mail message, other than an electronic mail service provider may recovery the lesser of $25,000 for each day the unlawful message was received.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kyle McCarrell prays for relief and judgment as follows:

A.)    That the Court grant a judgment in the amount of $25,000.00 for each day the emails were sent to Plaintiff since the date of the Plaintiff's opt out notice to the Defendant on December 21, 2018; and for which was

confirmed by the Defendant's own software. Totaling at the day of this petition $175,000.00.

B.)    That the Court grant a judgment declaring the emails in violation of the Texas  Business & Commerce Code requirement under Texas law of the 3 day termination.

C.)    Issue a permanent injunction prohibit the Defendant from sending further unsolicited emails to the Plaintiff.

D.)    That the Court grant a judgment for all cost related to this suit.

E.)    That this Court grant such other and further relief that it deems appropriate.

Dated: 1/9/2019

Respectfully Submitted,

Kyle McCarrell
Plaintiff
1712 E Riverside 300
Austin, TX 78741
737-666-5674

## UNSWORN DECLARATION
(Texsa Civil Practices and Remedies Code, Section 12.001)

My name is Kyle Jason McCarrell, my year of birth is 1973 with Month of June.  My mailing address is 1712 E Riverside #300, Austin, Travis County, TX 78741, and Physical Address is 1635 Aquarena #145, San Marcos, Hays County, TX 78666.

**I declare under penalty of perjury that all information in the foregoing document titled, Plaintiff's Original Petition is true and correct.**

Signed in Hays County, Texas on this the 10th day of January 2019.

Kyle McCarrell

Pursuant to Texas Civil Practices and remedies Code, Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath or affidavit required by statute or required by rule, order, or requirement adopted as provided by law.

# CIVIL CASE INFORMATION SHEET

19-0066

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** _____ Kyle McCarrell v. Offers.com _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| **Name:** Kyle McCarrell | **Email:** kyle.mccarrell73@gmail.com | **Plaintiff(s)/Petitioner(s):** Kyle McCarrell | ☐Attorney for Plaintiff/Petitioner ☒*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ |
| **Address:** 1712 E Riverside #300 | **Telephone:** 737-666-5674 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Austin, TX 78741 | **Fax:** N/A | **Defendant(s)/Respondent(s):** Offers.com | **Custodial Parent:** _____ |
| **Signature:** /s/Kyle McCarrell | **State Bar No:** N/A | | **Non-Custodial Parent:** _____ |
| | | [Attach additional page as necessary to list all parties] | **Presumed Father:** _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: _____ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☒Other Injury or Damage: bus ^ Comm Code 321 Deceptive Trade | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: _____ | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: _____ | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | | |
|---|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☒Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

FILED
1/11/2019 12:00 PM
Beverly Crumley
District Clerk
Hays County, Texas

Cause Number: __19-0066__

*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: Kyle McCarrell

*(Print first and last name of the person filing the lawsuit.)*

And

Defendant: Offers.com

*(Print first and last name of the person being sued.)*

In the __274th__

Court Number

Hays
County

(check one):
☒ District Court
☐ County Court / County Court at Law
☐ Justice Court

Texas

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

## 1. Your Information

My full legal name is: Kyle (First) Jason (Middle) McCarrell (Last)   My date of birth is: 06 /02 /1973 (Month/Day/Year)

My address is: *(Home)* 1635 Aquarena Springs #145, San Marcos, TX 78666

*(Mailing)* 1712 E Riveside #300, Austn , TX 78741

My phone number: 737-666-5674   My email: kyle.mccarrell73@gmail.com

About my **dependents**: "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | n/a | | |
| 2 | n/a | | |
| 3 | n/a | | |
| 4 | n/a | | |
| 5 | n/a | | |
| 6 | n/a | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case.  I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☐ I do not receive needs-based public benefits.  **- or -**

☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*
☒ Food stamps/SNAP   ☐ TANF   ☐ Medicaid   ☐ CHIP   ☐ SSI   ☐ WIC   ☐ AABD
☐ Public Housing or Section 8 Housing   ☐ Low-Income Energy Assistance   ☐ Emergency Assistance
☐ Telephone Lifeline   ☐ Community Care via DADS   ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension   ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ __0__ in monthly wages. I work as a ___temp disable___ for _____
         Your job title                    Your employer

$ __0__ in monthly unemployment. I have been unemployed since (date) _____

$ __192__ in public benefits per month.

$ __0__ from other people in my household each month: (List only if other members contribute to your household income.)

$ __1,500__ from ☐ Retirement/Pension  ☐ Tips, bonuses  ☒ Disability  ☐ Worker's Comp
         ☐ Social Security  ☐ Military Housing  ☐ Dividends, interest, royalties
         ☐ Child/spousal support
         ☐ My spouse's income or income from another member of my household (If available)

$ __0__ from other jobs/sources of income. (Describe) _____

$ _____ is my total monthly income.

**5. What is the value of your property?**

"My property includes:

| | Value* |
|---|---|
| Cash | $ 0 |
| Bank accounts, other financial assets | |
| Wells Fargo Checking | $ 85.00 |
| _____ | $ |
| _____ | $ |
| Vehicles (cars, boats) (make and year) | |
| n/a | $ |
| _____ | $ |
| _____ | $ |
| Other property (like jewelry, stocks, land, another house, etc.) | |
| n/a | $ |
| _____ | $ |
| _____ | $ |
| **Total** value of property → | $ |

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

"My monthly expenses are:

| | Amount |
|---|---|
| Rent/house payments/maintenance | $ 1,100.00 |
| Food and household supplies | $ 192.00 |
| Utilities and telephone | $ 80.00 |
| Clothing and laundry | $ 20.00 |
| Medical and dental expenses | $ 25.00 |
| Insurance (life, health, auto, etc.) | $ 0 |
| School and child care | $ |
| Transportation, auto repair, gas | $ |
| Child / spousal support | $ |
| Wages withheld by court order | $ |
| Debt payments paid to: (List) | $ |
| Cornerstone Storage | $ 135.00 |
| | $ |
| **Total** Monthly Expenses → | $ 1,552.00 |

**7. Are there debts or other facts explaining your financial situation?**

"My debts include: (List debt and amount owed) Victim of Assault, Victim of Credit Card Abuse, Viction of Chemical Burns with medical bills outstanding, Cannot work until released by neurologist resulting from post-concussion syddrom, and type 2 debetic

(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.") **Check here if you attach another page.** ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:

☒ I cannot afford to pay court costs.

☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is ___Kyle Jason McCarrell___ . My date of birth is : _06_/_02_/_1973_

My address is _1635 Aquarena Springs # 145_   _Sam Marcos_   _TX_   _78666_   _Hays_
         Street                              City          State   Zip Code   Country

▶ _/s/Kyle McCarrell_   signed on _01/10_/_2019_ in _Hays_   County, _TX_
Signature                     Month/Day/Year    county name           State



FILED

# BEVERLY CRUMLEY 2019 JAN 16 PM 3:45

## HAYS COUNTY DISTRICT CLERK



Hays County Government Center    712 S. Stagecoach Trail #2211    San Marcos, Texas 78666
PHONE (512) 393-7660        FAX (512)393-7674 DISTRICT CLERK
COUNTY, TEXAS

### ISSUANCE OF PROCESS INSTRUCTIONS
CAUSE NUMBER: 19-0066

**TYPE OF PROCESS:**

X Citation          Citation by          ☐ Temporary Restraining Order
Posting ☐ Citation by Publication (Please indicate which newspaper below)
☐ Temporary Injunction    ☐ Permanent Injunction    ☐ Show Cause Notice
☐ Precept    ☐ Appl. and Temp Ex Parte Protective Order    ☐ Capias
☐ Writ of Attachment (person)    ☐ Writ of Habeas Corpus    ☐ Writ of Sequestration
☐ Writ of Garnishment    ☐ Civil Subpoena    ☐ Criminal Subpoena
☐ Scire Facias (Death of Plaintiff) (Death of Defendant) (Revive Dormant Judgment)
☐ Other _____ (Do not request post judgment remedies on
this form, use other form (Execution, Orders of Sale, Abstracts)

**TYPE OF SERVICE:**

☐        Attorney will pick up (Place in Attorney Box)
☐        Runner/Process Server will pick up (Place in pick up box)
☐        Mail to Attorney's Office/Requesting Party
☐        Forward to Constable's Office (Circle one) Precinct -   1   2   3   4   5
         (**Service Fee and Copy or Copy Fee Required**)
   X     Serve by Certified Mail **Service Fee and Copy or Copy Fee Required**
☐        Publication (Circle one) Hays Free Press    San Marcos Daily Record    Other
         (*Service Fee Required*) Brief Statement of Suit (use reverse side)
☐        Posting at Courthouse Door
         (*Service fee and copy or copy fee required*) Brief Statement of Suit (use reverse side)

TITLE OF DOCUMENT TO BE SERVED AND FILE DATE: Plaintiff's ~~Original~~ Amended Petition
Filed with this Court on 1/16/2019

PARTY TO BE SERVED: (Please fill out a new request form per party to be served)
**Do not complete this section if requesting Criminal / Civil Subpoena**
NAME/AGENT:  Steve Schaffer or any officer, director, agent, or partner

ADDRESS:   7801 N Capitol of Texas Hwy Ste 300

CITY/STATE/ZIP:   Austin, TX 78731

SIGNATURE OF PARTY REQUESTING SERVICE:  /s/Kyle McCarrell
PHONE NUMBER: 737-666-5674          E-MAIL:   kyle.mccarrell73@gmail.com

**IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, IT WILL BE
DESTROYED****

CITATION
THE STATE OF TEXAS

CAUSE NO. 19-0066

FILED this *22* day of *January*
20*19* *2:04* *P* M
CLERK DISTRICT COURT, HAYS CO. TX
By *Jane May* _____ Deputy

**STYLED:  KYLE MCCARRELL VS. OFFERS.COM LLC**

**TO:  OFFERS.COM, UPON WHOM PROCESS MAY BE HAD BY SERVING ITS REGISTERED AGENT STEVE SCHAFFER, 7801 N. CAPITAL OF TEXAS HIGHWAY, SUITE 300, AUSTIN, TX  78731**

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S AMENDED COMPLAINT**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **14TH DAY OF JANUARY, 2019**, in the 274th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 16th day of January, 2019.

REQUESTED BY:
Kyle J. McCarrell
1712 E. Riverside 300
Austin, TX  78741
737.666.5674

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas  78666

By: *Jane May* _____
Jane May, Deputy

## OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by  delivering to defendant _____ in person,  a true copy of this citation with a copy of the petition attached thereto on _____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

**\*\*\*STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT COSTS OR AN APPEAL BOND ON FILE**

## ORIGINAL FOR RETURN

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee

$   19-0066

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7017 3380 0000 5856 4199

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

Cause No. 19-0066

Style:  KYLE MCCARRELL VS. OFFERS.COM LLC

## Certificate of Delivery by Certified Mail

Came to hand on this the 16th day of January, 2019 and I hereby certify on January 16, 2019, I executed the citation by mailing the same to OFFERS.COM at 7801 N. CAPITAL OF TEXAS HIGHWAY, SUITE 300, AUSTIN, TEXAS 78731 by certified mail, return receipt requested, a true copy of this citation with a copy of the PLAINTIFF'S AMENDED COMPLAINT attached thereto.

Article No. **7017 3380 0000 5856 4199**
Service Type
**XXX** -- Certified Mail, Return Receipt Requested
☐ Registered Mail

Service Fee  $ 75.00

The postal service return, certified mail, return receipt requested, showing the date and manner of receipt with addressee's signature is attached hereto and made a part hereof and was received and filed in my office on the 22nd day of January, 2019.

Beverly Crumley, District Clerk
Hays County, Texas

By: _Jane May_ _____
Jane May, Deputy

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Angie Spain_   ☑ Agent   ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery <br> Angie Spain   1/18/19 |
| 1. Article Addressed to: <br> Offers.Com <br> Reg. Agent Steve Schaffer <br> 7801 N. Capitol of Tx Hwy Ste 300 <br> Austin, Tx 78731 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br> <br> FILED <br> 19 JAN 22 PM 2 |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ <br> 9590 9402 3598 7305 0522 14 | 3. Service Type <br> ☐ Adult Signature <br> ☐ Adult Signature Restricted Delivery <br> ☑ Certified Mail® <br> ☐ Certified Mail Restricted Delivery <br> ☐ Collect on Delivery <br> ☐ Collect on Delivery Restricted Delivery <br> ☐ Insured Mail <br> ☐ Insured Mail Restricted Delivery | ☐ Priority Mail Express® <br> ☐ Registered Mail™ <br> ☐ Registered Mail Restricted Delivery <br> ☐ Return Receipt for Merchandise <br> ☑ Signature Confirmation™ <br> ☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label) <br> 7017 3380 0000 5856 4199 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

FILED
1/14/2019 6:57 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NUMBER 19-0066
**274th**

| | | |
|---|---|---|
| Kyle McCarrell | } | IN THE DISTRICT COURT |
| Plaintiff | } | |
| | } | |
| vs. | } | |
| | } | |
| Offers.com LLC | } | |
| Defendant(s) | } | HAYS COUNTY, TEXAS |

## <u>PLAINTIFF'S AMENDED COMPLAINT</u>

The Plaintiff brings this action against Defendant Offer.com for violations of the following provisions under the Texas Business & Commerce Code Title 10 (Subtitle B Chapter 321, Electronic Mail Solicitation), Texas Deceptive Trade Practices Act, and the Telephone Consumer Protection Act and would show respectfully as follows:

### I.
### PARTIES

1.) **Plaintiff, Kyle McCarrell**, is a resident of the State of Texas residing at 1433 N IH 35 #140, San Marcos, Texas 78666 mailing address of 1712 E Riverside 300, Austin, TX 78741. All service of process at email *kyle.mccarrell73@gmail.com*

2.) **Defendant, Offers.com** is a Delaware corporate entity operating or conducting business doing business from address shown on the email solicitations of 7801 N Capital of Texas Hwy, Ste 300, Austin, TX 78731 (Travis County Central Appraisal District reflects the same information) Service may be made by serving any Agent, Officer, Director, or Partner. **Register Agent is shown as Steve Schaffer 7801 N Capital of Texas Hwy., Ste 300, Austin, TX 78731**.

### II.
### DISCOVERY

3.) Plaintiff asserts that this suit is properly classified under Texas Discovery Rules under Level 2 pursuant to Texas Rules of Civil Procedure 190.2; and asserts that he fully intends to pursue under Level 2.

4.) The amount currently in controversy is approximately over $50,000.00 and under $500,000.00.

### III.

## JURISDICTION & VENUE

5.)     Plaintiff asserts and contends that the Jurisdiction and Venue is proper in Hays
        County, Texas as the Plaintiff lives in the City of San Marcos; and the
        Defendant's emails were received in Hays County Texas which gave rise to the
        proposed business transactions between the Defendant and the Plaintiff.

## IV.

## JURY DEMAND

6.)     Plaintiff, Kyle McCarrell, demands a trial by jury of all issues so triable pursuant
        to the Texas Rules of Civil Procedure.

## V.

## FACTUAL BACKGROUND

7.)     Plaintiff is the owner of the e-mail address kyle.mccarrell73@gmail.com

8.)     Plaintiff was required to create such e-mail address and password for such
        e-mail address multiple years ago when the Plaintiff purchased a cell phone
        which uses the android based operating system.

9.)     The e-mail address it tied directly to the Plaintiff's phone, for operations,
        backups, Google Play, games, and other aspects related to operating on the
        android based phone system.

10.)    Plaintiff's phone number is registered with the do not call list; thus the email
        address attached to such is also subsequently affected by such registration not
        to receive unsolicited contact.

11.)    The Plaintiff has never signed up to receive unsolicited e-mails from the
        Defendant using the e-mail address of kyle.mccarrell73@gmail.com.

12.)    Plaintiff began receiving unsolicited e-mails for the Defendant on December 19,
        2018.

13.)   Plaintiff received second e-mail from the Defendant on December 21, 2018.
This e-mail falsely stated that the Plaintiff had "signed up for emails from
Offers.com"

14.)   Plaintiff used the opt our link provided in the Defendant's unsolicited e-mail on
December 21, 2018 to remove the Plaintiff from the mailing list of the
Defendant.

15.)   Plaintiff received conformation from the Defendant's mail system of the removal
of the Plaintiff's email address on December 21, 2018.  Plaintiff printed the
conformation of such update for the Plaintiff own records.

16.)   Plaintiff was under the informed belief pursuant to the Defendant's statement
contained within the email that "if you believe this has been sent to you in error,
please safely unsubscribe or manage your favorites" that the Defendant had
removed himself from the Defendant's unwanted mailings.

17.)   Plaintiff temporarily ceased receiving emails from the Defendant whereas the
Texas Statute required that the Defendant cease sending unwanted email
solicitations after 3 days; however on December 25, 2018 the Plaintiff began
receiving unsolicited emails once again from the Defendant.

18.)   Plaintiff would show that the Defendant after being notified and providing
conformation to the Plaintiff continued in violation of Texas Business &
Commerce Code provisions the Defendant sent the following emails:

| Date: | Subject Line: |
|---|---|
| 12/25/2018 | Christmas Sales: Macy's Vera Bradley, Walmart, JCPenny and more! |
| 12/26/2018 | Crocks \| Nordstrom \| Spanx \| Pioneer Woman \| Tory Burch |
| 12/27/2018 | Christmas Clearance \| Hunter for $99 \| $50 iTunes Gift Card |

| 12/28/2018 | $90 HDTV │ Nike Flash Sale │ 45% off Cuisinart Cookware Set |
| 12/29/2018 | 65% off Riding Boots │ JCPenny Winter Sale │ Miraclesuit Flash Sale |
| 12/30/2018 | Fire Tablets │ Air Mattresses from $8 │ Amazon Coupons |
| 12/31/2018 | Mattresses from $72 │ 52% off Olay │ Year End Clearance |

19.)    Plaintiff was provided notification of each email received on the Plaintiff's phone. These notifications were both visual and auditable, and provided a screen shot of the email details.

20.)    Plaintiff opted out of the Defendant's unsolicited emails again on January 1, 2019, and again printed off the notice provided by the Defendant of conformation of the updated information relating to the Plaintiff's email status of opting out.

21.)    Plaintiff sent demand letter, records preservation letter, and a draft of the original petition, for which the Defendant's legal counsel contacted the Plaintiff in regards to the repealed act; therefore the Plaintiff provided the Defendant's Counsel with the proper statute (Tex. Bus. Com. Code 10 Subtitle B Chapter 321).

22.)    Plaintiff was asked by Defendant's Counsel to forward the emails sent to the Plaintiff to legal@offers.com.; which the Plaintiff complied with such request.

23.)    Plaintiff sent a request for status on which there was no response as to that request. Plaintiff having experienced the same tactics with others, that the Defendant had no intention of responding to the Demand Letter for which the Plaintiff proceeded to file the instant suit. Plaintiff against sent the notice of filing to the email address provided of legal@offers.com. After no response the Plaintiff sent notice of the filing of the instant suit to the original email address that the Plaintiff had sent the initial contact letter to Defendant.

24.)    Defendant's counsel then contacted the Plaintiff and reminded the Plaintiff that the Plaintiff had agreed to forward the emails to Defendant's counsel. Plaintiff

confirmed that the emails had been sent to Defendant and that the emails had not been returned as undeliverable.

25.)   Defendant's counsel then responded that they had found all the emails that were sent to the email address that had been provided.

## VI.

## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICE ACT

26.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

27.)   Plaintiff would show that in the body of the email that the Defendant makes false and misleading statement that "You signed up for emails from Offer.com with the email address kyle.mccarrell73@gmail.com".  Plaintiff would show that this is deliberately misleading and intended to deceive the Plaintiff to think he had subscribed to receive emails from the Defendant.

28.)   Plaintiff would further show that the Defendant misleads with false and misleading statement "If you believe this has been sent to you in error, please safely unsubscribed or manage your favorites".  Plaintiff would show that this this statement in itself invalidates the statement contain in aforementioned paragraph number 27, as its states that if you believe signing up was an error. Secondly and more importantly the fact that the Defendant's unsubscribe link did not properly work in unsubscribing the Plaintiff's email from the Defendant's unsolicited email.

29.)   Plaintiff would specifically point out at no time did the Defendant have direct consent of the Plaintiff to receive any email from the Defendant; therefore statements contained as to why the Plaintiff was receiving emails were false, deceptive and misleading.

30.)   Plaintiff is a consumer as defined by the Texas Business and Commerce Code Chapter 17.

31.)   Plaintiff has signed no waiver in accord with Section 17.42 for which waiver under that section provides and must state " I waive my rights under the Deceptive Trade Practice-Consumer Protection Act, Section 17.41 et seq. Business and Commerce Code, a law that gives consumers special rights and protections.  After consultation with an attorney of my own selection, I voluntarily consent to this waiver." As stipulated a signed waiver under this section is not a defense to an action brought by the attorney general under Section 17.47.

32.)   Defendant may be sued under this act as the Defendant committed one or more of the following acts:

    a.)   A breach of expressed or implied warranty

    b.)   An unconscionable course of action;

    c.)   A violation of the "tie-in" consumer statutes, authorized by section 17.50(h) of the Texas Business and Commerce Code;

    d.)   A false , misleading or deceptive act or practice that was relied upon by the Plaintiff.

    e.)   The Defendant's conduct was a producing cause of the Plaintiff's damages.

33.)   The Defendant knowingly and willfully sent unsolicited email to the Plaintiff as the Plaintiff had never conducted any business with the Defendant, but the Defendant's email states that the Plaintiff had signed up for such.

34.)   Defendant knowingly and willfully sent unsolicited email to the Plaintiff email that was and is protected under the Do Not Call list both Texas and Federal in direct violation of those acts.

35.)   Plaintiff is entitled to recover under this provision for the recovery of economic and mental anguish damages in addition to the actual damages under the tie-in statutes as further described below. Plaintiff would further assert that under this

provision of law the actions of the Defendant was knowing or intentional conduct which authorizes the jury to award the Plaintiff up to three times the amount of damages incurred as a result of the Defendant's willful conduct.

36.) Plaintiff at no time has ever solicited the Defendant for trade and/or commerce for which is defined as the advertizing, offering for sale, sale, lease, or intangible, real personal or mixed, and any other article, commodity, or thing of value which directly or indirectly affected the Plaintiff a resident of the state of Texas.

37.) Defendant by failure to observe the Plaintiff's request to Opt out did commit under Section 17.46 of the Texas Deceptive Trade Practice Act false, misleading, or deceptive act or practices in its conduct. Defendant supplied notice as required that the Plaintiff's email address had been updated in its system then continued to send unsolicited emails to the Plaintiff in disregard for the law and implied warranty that the Defendant would abide by the Plaintiff's request made under the guise of law.

38.) Defendant presented in false light that the Defendant had complied with the first request made by the Plaintiff to opt out of the solicitation by ceasing for a 3 day period the unsolicited email; however, the Defendant in violation of the opt out and state law resumed such unsolicited email up to the point that the Plaintiff sent a second opt out notice in addition to demand letter.

39.) Plaintiff would show that under Section 46.007 a private right of action is afforded Under the Texas Deceptive Trade Practice Act (DTPA) for which the Plaintiff is a consumer protected under that act.

## VI.

## VIOLATION OF TITLE 10 CHAPTER 304 OF THE TEXAS BUSINESS AND COMMERCE CODE & TELEPHONE CONSUMER PROTECTION ACT

40.) Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

41.) Plaintiff would show that the actions of the Defendant are equivalent to and in exact comparison to that of a telemarketer; as the Defendant sends unsolicited emails to the Plaintiff in hopes that it leads to a generation of a sale of goods or services.

42.) Plaintiff would show that the email address of kyle.mccarrell73@gmail.com was originally required to set-up and activate an android cell phone service on phone number which is registered with both the State of Texas Do Not Call List, and the Federal Do Not Call list.

43.) Plaintiff would show that each of the 8 email message sent to the Plaintiff did appear in the window of the phone for which notification of received messages was provided to Plaintiff with visual and audio notification by the phone itself.

44.) Plaintiff would show that each of the 8 emails were viewable on the Plaintiff's Phone, in a text format window on the Plaintiff's phone. The Plaintiff was required to swipe the notification to remove the notification from the Plaintiff's phone screen.

45.) Plaintiff would show that due to the occurrence happening more than 3 times in a given time period that this was not an isolated event.

46.) Plaintiff would show that telecommunications are defined as the exchange of information over significant distances by electronic means and refers to all types of voice, data, and video transmission; therefore the unsolicited emails are covered under the telecommunications provisions. Cell phones and internet are telecommunication networks.

47.) Defendant's emails are data that is transmitted in a telecommunications platform; whether in large communications or one-on-one communications.

48.)   E-mails that are sent to the Plaintiff's phone violate the Do Not Call List provision and therefore give a private right of action against the Defendant for an amount equal to the greater of the damages sustained or $500 for each violation in addition to both damages and an injunction unless the court determines such violation was willful then the court can grant 3 times of the aforementioned damages.

49.)   Defendant's unauthorized emails did cause the involvement of data usage on the Plaintiff's cell phone plan to be expended when the unwanted emails were downloaded to Plaintiff's cell phone.

## VII.

## VIOLATION OF TITLE 10 CHAPTER 321 OF THE TEXAS
## BUSINESS AND COMMERCE CODE

50.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

51.)   Defendant's action did breach of an express or implied warranty by failing to comply with the laws of this state by continuing to send solicitations after the 3 day time period set forth under Chapter 321 of the Business and Commerce Code.

52.)   Plaintiff would show that pursuant to Texas Business & Commerce Code Title 10, Subtitle B, Chapter 321 Unsolicited Electronic Mail Message (a): that a person may not intentionally take any action to send an unsolicited commercial electronic mail message unless (2) the sender of the message or a person acting on behalf of the sender provides a functioning return electronic mail address to which a recipient my, at no cost to the recipient, send a reply requesting the removal of the recipient's electronic mail address from the sender's electronic mail list. (b) A sender shall remove a person's electronic mail address from the sender receives a request for removal of that address.

53.)   Defendant's unauthorized emails did cause interference with Plaintiff's ongoing work, as marking the Defendant's solicitation as spam this sent other important

emails to the spam folder of the Plaintiff for which contained words offer or other words contained within the Defendant's email.

54.) Plaintiff is not an electronic mail service provider under Section 321.105 of the Texas Business and Commerce Code.

55.) As stated aforementioned paragraphs the Defendant made material false representation in the emails.

56.) The Defendant as in the aforementioned paragraphs did not have direct consent of the Plaintiff to send any email to the Plaintiff.

57.) The Defendant as in the aforementioned paragraphs did not honor the Plaintiff's request to opt of solicitations until the second time with the demand letter sent to the Defendant.

58.) The Defendant knowingly and intentionally sent unsolicited emails to the Plaintiff in accord with the same tactics used telemarketers; which caused harassment of the Plaintiff; and as previously address cause usage of the Plaintiff's bandwidth and data.

59.) The Defendant's actions are not pre-empted by federal law as the actions of the defendant pertain to and are inclusive of the Texas Laws dealing with falsity or deception which amounts to common-law fraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kyle McCarrell prays for relief and judgment as follows:

A.) That this Court grant a judgment in the amount of $25,000.00 for all causes of action and claims set forth in this amended petition including but not limited to economic, mental anguish, and punitive damages; and upon finding that the acts were willful by the Defendant for $75,000.00

B.)   That this Court grant judgment declaring the emails in violation of
      the Texas Business and Commerce Code Electronic Communications.

C.)   That this Court grant judgment declaring the emails in violation of the
      Telephone Consumer Protection Act.

D.)   That this Court grant judgment declaring the emails in violation of the
      Texas Deceptive Trade Practices Act.

E.)   Issue a permanent injunction prohibit the Defendant from sending any
      further emails to any person in the State of Texas.

F.)   That this Court grant judgment for all costs related to this suit.

G.)   That this Court grant such other and further relief that it deems just
      and appropriate.

Dated: 1/14/2019                              Respectfully Submitted,

                                              /s/Kyle McCarrell
                                              Kyle McCarrell
                                              Plaintiff
                                              1712 E Riverside 300
                                              Austin, TX 78741
                                              737-666-5674
                                              kyle.mccarrell73@gmail.com

**UNSWORN DECLARATION**
(Texas Civil Practices and Remedies Code, Section 12.001)

My name is Kyle Jason McCarrell, my year of birth is 1973 with Month of June. My
mailing address is 1712 E Riverside #300, Austin, Travis County, TX 78741, and
Physical Address is 1635 Aquarena #145, San Marcos, Hays County, TX 78666.

**I declare under penalty of perjury that all information in the foregoing document
titled, Plaintiff's Original Petition is true and correct.**

Signed in Hays County, Texas on this the 14th day of January 2019.

                                              /s/Kyle McCarrell

Kyle McCarrell

Pursuant to Texas Civil Practices and remedies Code, Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath or affidavit required by statute or required by rule, order, or requirement adopted as provided by law.

FILED
2/8/2019 1:56 PM
Beverly Crumley
District Clerk
Hays County, Texas

Cause No. 19-0066

| | | |
|---|---|---|
| KYLE McCARRELL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HAYS COUNTY, TEXAS |
| | § | |
| OFFERS.COM, LLC, | § | |
| | § | |
| Defendant. | § | 274th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Offers.com, LLC, hereby files this Original Answer to Plaintiff's Amended Complaint [sic] and would respectfully show.

### I.   General Denial.

1.    Defendant hereby denies generally each and every allegation contained in Plaintiff's Amended Complaint [sic] and any subsequent amendments or supplements thereto, and demands strict proof thereof.

### II.   Affirmative Matters.

2.    The actions taken by the Defendant of which the Plaintiff complains were done fully with the Defendant's legal rights, were justified, and were legally privileged and do not subject the Defendant to legal liability in any way.

3.    Plaintiff's claims are preempted, in whole or in part, by federal law and thus barred by the Supremacy Clause of the Constitution of the United States.

4.    Plaintiff's Amended Complaint [sic] fails to state a claim upon which relief can be granted.

5. This lawsuit is groundless and brought in bad faith in violation of Rule 13, Tex. R. Civ. P., and Section 9.011(1), Tex. Civ. Prac. & Rem. Code.

6. This lawsuit is groundless and brought for the purpose of harassment in violation of Rule 13, Tex. R. Civ. P., and Section 9.011(2), Tex. Civ. Prac. & Rem. Code.

7. This lawsuit is groundless and interposed for an improper purpose, in violation of Section 9.011(3), Tex. Civ. Prac. & Rem. Code.

8. This lawsuit is being presented for an improper purpose, including to harass and cause needless litigation costs, in violation of Section 10.001(1), Tex. Civ. Prac. & Rem. Code.

9. The allegations in this lawsuit are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, in violation of Section 10.001(2), Tex. Civ. Prac. & Rem. Code.

10. The allegations in this lawsuit lack evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, in violation of Section 10.001(3), Tex. Civ. Prac. & Rem. Code.

11. Defendant affirmatively pleads all limitations on the extent and source of actual damages and mitigation of damages provided in Section 73.003(a), Tex. Civ. Prac. & Rem. Code, and reserves its rights in accordance with that provision and following discovery and further inquiry to plead and present evidence under that provision.

## III.   Prayer.

WHEREFORE, PREMISES CONSIDERED, Defendant Offers.com, LLC, requests judgment that:

1. Plaintiff take nothing by this suit;

2. Defendant recover from Plaintiff all costs of suit, including reasonable attorney's fees and expenses;

3.    Defendant be granted and recover from Plaintiff all such other and further relief, both at law and in equity, to which they may be justly entitled.

Respectfully submitted,

By: /s/ Peter D. Kennedy
    Peter D. Kennedy
    State Bar No. 11296650
    pkennedy@gdhm.com
    Guillermo A. Alarcón
    State Bar No. 24099176
    galarcon@gdhm.com
    Graves, Dougherty, Hearon & Moody, P.C.
    401 Congress Avenue, Suite 2200
    Austin, Texas  78701
    (512) 480-5764 (Phone)
    (512) 536-9908 (Fax)

**ATTORNEYS FOR DEFENDANT
OFFERS.COM, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, a true and correct copy of the foregoing was served as shown below:

Kyle McCarrell
1712 E. Riverside 300
Austin, Texas 78741
Kyle.mccarrell73@gmail.com
(*via* electronic service)

/s/ Peter D. Kennedy
Peter D. Kennedy

Defendant's Original Answer – Page 3

FILED
2/11/2019 12:00 AM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NUMBER 19-0066
274th

| | | |
|---|---|---|
| Kyle McCarrell | } | IN THE DISTRICT COURT |
| Plaintiff | } | |
| | } | |
| vs. | } | |
| | } | |
| Offers.com LLC | } | |
| Defendant(s) | } | HAYS COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

The Plaintiff brings this action against Defendant Offer.com for violations of the following provisions under the Texas Business & Commerce Code Title 10 (Subtitle B Chapter 321, Electronic Mail Solicitation), Texas Deceptive Trade Practices Act, the Telephone Consumer Protection Act, the Lanham Act, Fraud, and Theft and would show respectfully as follows:

I.
### PARTIES

1.) **Plaintiff, Kyle McCarrell**, is a resident of the State of Texas residing at 1433 N
IH 35 #140, San Marcos, Texas 78666 mailing address of 1712 E Riverside 300,
Austin, TX 78741.  All service of process at email *kyle.mccarrell73@gmail.com*

2.) **Defendant, Offers.com** is a Delaware corporate entity operating or
conducting business doing business from address shown on the email solicitations
of 7801 N Capital of Texas Hwy, Ste 300, Austin, TX 78731 (Travis County
Central Appraisal District reflects the same information) Service may be made
by serving any Agent, Officer, Director, or Partner. **Register Agent is shown as
Steve Schaffer 7801 N Capital of Texas Hwy., Ste 300, Austin, TX 78731**.

II.
### DISCOVERY

3.) Plaintiff asserts that this suit is properly classified under Texas Discovery Rules
under Level 2 pursuant to Texas Rules of Civil Procedure 190.2; and asserts that
he fully intends to pursue under Level 2.

4.) The amount currently in controversy is approximately over $50,000.00 and under
$500,000.00.

## III.

## JURISDICTION & VENUE

5.)  Plaintiff asserts and contends that the Jurisdiction and Venue is proper in Hays
County, Texas as the Plaintiff lives in the City of San Marcos; and the
Defendant's emails were received in Hays County Texas which gave rise to the
proposed business transactions between the Defendant and the Plaintiff.

## IV.

## JURY DEMAND

6.)  Plaintiff, Kyle McCarrell, demands a trial by jury of all issues so triable pursuant
to the Texas Rules of Civil Procedure.

## V.

## DEFINITIONS

7.)  *Commercial electronic mail message* as defined by the Texas Business and
Commerce code Section 321.001 as an electronic mail message that advertizes,
offers for sale or lease, or promotes any goods, service, business opportunity,
property, or other article commodity, or thing of value.

8.)  *Computer* is defined by Black's Law Dictionary as a machine with
digital circuits that uses data and performs functions based on instructions.

9.)  *Computer System* is defined by Black's Law Dictionary as connected computers
with one storage system.  It can operate independently and communicate with
others on the network.

10.)  *Consumer* is defended by The Texas Deceptive Trade Practices Act (DTPA)
as one who seeks or acquires by purchase or lease of any goods or services.

11.)  *Deceit* as defined by Black's Law Dictionary is a fraudulent and cheating
misrepresentation, artifice, or devise, used by one or more persons to
deceive and trick another who is ignorant of the true facts, to the prejudice and
damage of the party imposed upon.

12.)   *Electronic Mail (Email)* as defined by Black's Law Dictionary is online transfer of text, voice, and/or video messages.  Email emanates from once computer or devise and arrives at another computer.

13.)   *Electronic mail* as defined by the Texas Business Commerce Code Section 321.001 means a message, file, or other information that is transmitted through a local, regional, or global computer network, regardless of whether the message, file, or information is viewed, stored for retrieval at a later time, printed, or filtered by a computer program that is designed or intended to filter or screen the message, file, or information.

14.)   *Fraud* by Black's Law Dictionary in a knowing misrepresentation of the truth or concealment of am material fact to induce another to act to his or her detriment.

15.)   *Harvesting* is defined as the process of obtaining  large number of email addresses through various method.  The purposes of harvesting email addresses is for use in bulk emailing or for spamming.  Harvest email is in most cases illegal the techniques used including hacking into sites, buying from other spammers, software bots, directory harvest attack, social engineering, guessing and clean, and through free offerings.

16.)   *Invasion of Privacy* as defined by Black's Law Dictionary is a term that means the privacy of a person has been invaded.

17.)   *Intrusion* by Blacks Law Dictionary is a species of injury by outer or amotion of possession from the freehold, being an entry of a stranger, after a particular estate of freehold is determined, before him in remainder or reversion.

18.)   *Junk Mail* is defined by Black's Law Dictionary as Direct marketing or direct mail that is unsolicited.  For introducing new products, books, and magazines, investment opportunities, merchandise catalogs. Also known as spam.

19.)    *M-Commerce* by Black's Law Dictionary is using mobile communications devices like cell phone or personal digital assistants (PDA) to transact electronic commerce, ecommerce.

20.)    *Misleading* as defined by Black's Law Dictionary is delusive; calculated to lead astray or lead into error.

21.)    *Mobile Phone* is defined by Black's Law Dictionary as a portable wireless telephone device.  Mobile phone are the most widely used portable device in the world, using transmitted frequencies.

22.)    *Mobile Phone spam* is described as "mobile spamming", "SMS spam", "m-spam" or "mspam"

23.)    *Network* is defined by Black's Law Dictionary in computers is an interconnected computers and peripherals grouping that shares software and hardware resources between many users.  Connections occur by cable and/or wireless.  The Internet is a global network of networks.  Also refer to local area network and wide area network.  In communications, this is an information exchange system connecting entities with each other through a system of routers, servers, switches and the like, using telephone and data communications lines over long distances.

24.)    *Smart Phone* is defined by Black's Law Dictionary as a mobile phone with many features of a computer included in its functions.

25.)    *Spam* by Black's Law Dictionary is a mass mailing via the internet where a message is sent to everyone whose email address is know of.  It does not ask permission.

26.)    *Telecommunications Network* by Black's Law Dictionary is a high capacity of speed of long distance communications compromising computers,  cables, switches, satellites etc., linking remote sites.

27.)   *Unsolicited* is defined by Black's Law Dictionary as something not asked for nor requested.

## VI.
### FACTUAL BACKGROUND

28.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

29.)   Plaintiff is the owner of the e-mail address kyle.mccarrell73@gmail.com

30.)   Plaintiff was required to create such e-mail address and password for such e-mail address multiple years ago when the Plaintiff purchased a cell phone which uses the android based operating system.

31.)   The e-mail address it tied directly to the Plaintiff's phone, for operations, backups, Google Play, games, and other aspects related to operating on the android based phone system.

32.)   Plaintiff's phone number is registered with the do not call list; thus the email address attached to such is also subsequently affected by such registration not to receive unsolicited contact.

33.)   The Plaintiff has never signed up to receive unsolicited e-mails from the Defendant using the e-mail address of kyle.mccarrell73@gmail.com.

34.)   Plaintiff began receiving unsolicited e-mails for the Defendant on December 19, 2018.

35.)   Plaintiff received second e-mail from the Defendant on December 21, 2018. This e-mail falsely stated that the Plaintiff had "signed up for emails from Offers.com"

36.)   Plaintiff used the opt our link provided in the Defendant's unsolicited e-mail on December 21, 2018 to remove the Plaintiff from the mailing list of the Defendant.

37.)   Plaintiff received conformation from the Defendant's mail system of the removal of the Plaintiff's email address on December 21, 2018.  Plaintiff printed the conformation of such update for the Plaintiff own records.

38.)   Plaintiff was under the informed belief pursuant to the Defendant's statement contained within the email that "if you believe this has been sent to you in error, please safely unsubscribe or manage your favorites" that the Defendant had removed himself from the Defendant's unwanted mailings.

39.)   Plaintiff temporarily ceased receiving emails from the Defendant whereas the Texas Statute required that the Defendant cease sending unwanted email solicitations after 3 days; however on December 25, 2018 the Plaintiff began receiving unsolicited emails once again from the Defendant.

40.)   Plaintiff would show that the Defendant after being notified and providing conformation to the Plaintiff continued in violation of Texas Business & Commerce Code provisions the Defendant sent the following emails:

| Date: | Subject Line: |
|---|---|
| 12/25/2018 | Christmas Sales: Macy's Vera Bradley, Walmart, JCPenny and more! |
| 12/26/2018 | Crocks \| Nordstrom \| Spanx \| Pioneer Woman \| Tory Burch |
| 12/27/2018 | Christmas Clearance \| Hunter for $99 \| $50 iTunes Gift Card |
| 12/28/2018 | $90 HDTV \| Nike Flash Sale \| 45% off Cuisinart Cookware Set |
| 12/29/2018 | 65% off Riding Boots \| JCPenny Winter Sale \| Miraclesuit Flash Sale |
| 12/30/2018 | Fire Tablets \| Air Mattresses from $8 \| Amazon Coupons |
| 12/31/2018 | Mattresses from $72 \| 52% off Olay \| Year End Clearance |

41.) Plaintiff was provided notification of each email received on the Plaintiff's phone. These notifications were both visual and auditable, and provided a screen shot of the email details.

42.) Plaintiff opted out of the Defendant's unsolicited emails again on January 1, 2019, and again printed off the notice provided by the Defendant of conformation of the updated information relating to the Plaintiff's email status of opting out.

43.) Plaintiff sent demand letter, records preservation letter, and a draft of the original petition, for which the Defendant's legal counsel contacted the Plaintiff in regards to the repealed act; therefore the Plaintiff provided the Defendant's Counsel with the proper statute (Tex. Bus. Com. Code 10 Subtitle B Chapter 321).

44.) Plaintiff was asked by Defendant's Counsel to forward the emails sent to the Plaintiff to legal@offers.com.; which the Plaintiff complied with such request.

45.) Plaintiff sent a request for status on which there was no response as to that request. Plaintiff having experienced the same tactics with others, that the Defendant had no intention of responding to the Demand Letter for which the Plaintiff proceeded to file the instant suit. Plaintiff against sent the notice of filing to the email address provided of legal@offers.com. After no response the Plaintiff sent notice of the filing of the instant suit to the original email address that the Plaintiff had sent the initial contact letter to Defendant.

46.) Defendant's counsel then contacted the Plaintiff and reminded the Plaintiff that the Plaintiff had agreed to forward the emails to Defendant's counsel. Plaintiff confirmed that the emails had been sent to Defendant and that the emails had not been returned as undeliverable.

47.) Defendant's counsel then responded that they had found all the emails that were sent to the email address that had been provided.

48.)     The Federal Can-Spam Act contains a preemption clause that expressly regulates
the use of electronic mail to send commercial messages, except to the extent that
any such statute, regulation or rule prohibits falsity, or deception in any portion
of a commercial electronic mail message or information attached thereto.

    a.)     The Can-Spam Act does not apply to cell phones.

    b.)     At the time the Can-Spam Act was conceived it applies solely in context
to emails received on a computer.

    c.)     The Can-Spam Act is not applicable where deception or fraud is used with
any portion of the body or subject line of the communication.

    d.)     The Can-Spam Act does not provide any provision where a party is
or has paid to receive unsolicited emails where data plan usage was
required.

    e.)     At the time (2003) the Can-Spam Act was created the conception of
emails being received on cell phones was not taking into consideration and
therefore no part of the Can-Spam Act can be applied to cell phone which
receive  emails using a data plan.

48.)     The Defendant in this cause had no direct consent of the Plaintiff to send any
unsolicited emails to the Plaintiff and therefore no legally privileged right(s)
were extended to the Defendants.

50.)     Each e-mail contained a false statement relating to the Plaintiff subscribing to
receive therefore the Defendant cannot claim the Federal Can-Spam Act would
or could be applied to the unsolicited emails the Defendant sent Plaintiff.

51.)     Plaintiff would show that most email service providers like VerticalResponse
require companies like the Defendant to have permission before sending any
email through there services.

52.)     The Defendant's email messages contained false or deceptive statement in its
body therefore Texas Law would take president over any Federal Can-Spam Act
provision; therefore the Defendant would be required to cease any email
communications within 3 days of notification.

## VII.
## FEDERAL CAN-SPAM ACT

53.)  Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

54.)  Plaintiff's mobile phone is not a computer as designated by the current legal definitions as previously forth in this petition or case law.

55.)  Plaintiff would that the normal controlling of the Assault of Non-solicit marketing (Can-Spam) Act of 2003 established the United States first national standards for sending of commercial email.

56.)_  This law does not prevent consumers from seeking redress under laws not specific to email.

57.)  SMS spam is illegal under common law in the Untied States.  In a 2010 class action settlement of Satterfield v. Simon & Schuster, a case that reached the US Ninth Circuit of Appeals, the of Appeals, defendants paid $175 to each spam recipient.  Mobile Phone Spam is not covered under the Can-Spam Act of 2003.

58.)  When the Defendant sent emails to the Plaintiff each email contained a false, deceptive, or misleading statement; as such the Defendant cannot apply or seek to apply the Federal Can-Spam Act in this course of action.  Defendant attempts to mislead the Plaintiff to think that the Plaintiff had subscribed to a service for which Plaintiff had not nor any intention to do so.

59.)  Plaintiff would show that with respect to the Defendant's acquisition of the Plaintiff's email address was done either by purchase from another company or individual with no evidence that that purchase wasn't originated with another spammer; or in the alternative was complete, comprised by, or promulgated by the illegal action of harvesting.

60.)  Plaintiff would show that due to the fact that the unsolicited emails are sent to

the Plaintiff's mobile phone, where they are first presented in a text format or preview screen while being downloaded to the mobile devise then may be converted into voice messages the Defendant's unsolicited emails violate many statutes which have not correlation to the Federal Can-Spam Act of 2003; thereby again negate the application of the Can-Spam Act to this instant case.

## VIII.
## FIRST CLAIM FOR RELIEF:  VIOLATION OF THE TEXAS BUSINESS AND COMMERCE CODE SECTION 321 TRANSMISSION OF UNSOLICITED COMMERCIAL ELECTRONIC MAIL MESSAGES

61.)    Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

62.)    Plaintiff sets forth his first claim for relief against the Defendant as Violation of the Texas Business and Commerce Code Section 321.052  Transmission of Unsolicited Electronic Mail Messages.

63.)    Plaintiff would show that although the Defendant sent electronic mail messages to the Plaintiff on a devise other than a computer; the Defendant is still required to disclose in the subject line of the message pursuant to §321.052 (a) a person may not intentionally take an action to transmit an unsolicited commercial electronic mail message unless (1) "Adv" appears in the subject line. (2) the sender or person acting on behalf of the sender provides a functioning return electronic mail address to which a receipt of the message may, at no cost to the recipient, send a replay request the removal of the recipients electronic mail address from the sender electronic mail list. (b) a sender shall remove a persons electronic mail address from the sender electronic mail list not later than the third day after the date the sender receives a request for removal of that address under Subsection (a)(2).

64.)    Plaintiff alleges that although this provision refers to electronic mail which is between computers it opens the door for recovery for actions that are prohibited; whereas, the unsolicited email when the sender does not provide a functioning email address to unsubscribe from the senders electronic mail list.

65.)     Plaintiff alleges that this provision specifically stated that any unsubscribing will
be at no cost to the Plaintiff; whereas, by sending the unsolicited emails to a
mobile phone devise costs an individual for receiving said email address, and to
respond or use an unsubscribe link used a data plan on a mobile devise.  The use
of data plans does create a cost to users to unsubscribe.

66.)     Plaintiff alleges that the Defendant failed to confirm that the unsolicited email
messages being sent to the Plaintiff were direct at a computer and not a mobile
phone devise.

## IX.
## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE LANHAM ACT

67.)     Plaintiff realleges and incorporates by reference the preceding paragraphs for all
purposes the same as if set forth herein verbatim:

68)      Plaintiff would assert his first claim for relief as Violation of the Lanham Act.

69.)     Plaintiff alleges that pursuant to §1125 of the Lanham Act that a person who, on
or in connection with any goods or services, or any container for goods, uses in
commerce any word, term, name, symbol, or device, or combination thereof, or
any false designation of origin, false or misleading description of fact, or false or
misleading representation of fact, which (a) is likely to cause confusion, or cause
mistake, or cause deceive as to the affiliation, connection, or association of such
person with another person, or as to the  origin, sponsorship, or approval of his or
her goods, services, or commercial activities by another person shall be liable in a
civil action by any person who believes that he or she is or is likely to be damaged
by such act.

70.)     Defendant states that the Plaintiff signed up to receive emails from the Defendant
which was meant to deceive the Plaintiff into thinking that the Plaintiff had
performed such act when in fact the Plaintiff had not.

71.)   Defendant statement that the Plaintiff selected to receive such emails is a false or misleading description of fact contained within each unsolicited email that the Defendant Sent to the Plaintiff.

72.)   Defendant sent to the Plaintiff verification of the unsubscribe action taken by the Plaintiff in regards to the unsolicited email representing that the Defendant had complied with the Request of the Plaintiff.  This was false and misleading description of fact, as the Defendant continued sending solicitation up until the Point that the Plaintiff send Demand Letter to the Defendant.

## X.
## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE TEXAS DECEPTIVE TRADE
## PRACTICES ACT

73.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

74.)   Plaintiff would assert his second claim for relief as Violation of the Texas Deceptive Trade Practices.

75.)   Plaintiff is a consumer as defined under the terms of the Texas Business and Commerce Code Chapter 17.

76.)   Plaintiff alleges that the Defendant violates §17.12 which states: Deceptive Advertizing. (a) No person may disseminate a statement he knows materially misrepresents the cost or character of tangible personal property, a security, service, or anything he may offer for the purpose of (1) selling contracting to sell, otherwise disposing of, contracting to dispose of the tangible personal property, security, service, or anything he may offer: or (2) inducing a person to contract with regard to the tangible personal property, security, service, or anything he may offer.

    a.)   Plaintiff is of the affirmative belief that the statement that the Defendant includes in the unsolicited emails for which states the Plaintiff signed up for such mail was meant to be an inducement to contract to do business

with the Defendant.

b.)   Plaintiff is of the affirmative belief that the Defendant intended to profit from the materially false statements made by the Defendant towards the Plaintiff.

c.)   Plaintiff is of the affirmative belief that the Defendant's actions were willful.

d.)   Plaintiff would show that the materially false statement "you signed up for emails from Offer.com with the email address kyle.mccarrell73@gmail.com was known at the time the statement was made to be false, deceptive, misleading and was solely used with the direct intent to induce a relationship with the Plaintiff where none existed.

77.)   Defendant did not at any time have the direct consent of the Plaintiff to send unsolicited emails to the Plaintiff.

78.)   Plaintiff would further show that the Defendant shows the statement regarding the Plaintiff signing up for emails was known false and that is why the Defendant further stated "If you believe this has been sent to you in error, please safely unsubscribed or manage your favorites". Plaintiff would show that this this statement in itself invalidates the prior statement contain in aforementioned paragraph; as its states that if you believe signing up was an error.

79.)   Plaintiff asserts that the Defendant's unsubscribe link did not properly work in unsubscribing the Plaintiff's email from the Defendant's unsolicited email. While the Can-Spam act provides 10 days, the Texas Electronic Mail Act only grants 3 days for the unsolicited emails to stop; however neither of those acts apply to the Defendant sending unsolicited emails to a mobile phone. Where the Defendant is sending unsolicited emails to a mobile phone which uses an individual's data plan and storage the instant that an unsubscribe request is sent that the termination of

sending emails to such mobile phones be immediate or at bare minimum the 3 days afforded under the Texas Electronic Mail Act.

80.)   Plaintiff has signed no waiver of his rights to the Defendant which must have been placed into writing with the it stating substantially in compliance with §17.42 of the Texas Deceptive Trade Practice Act that " I waive my rights under the Deceptive Trade Practice-Consumer Protection Act, Section 17.41 et seg., Business & Commerce Code, a law that gives consumer special rights and protections.  After consultation with an attorney of my own selection, I voluntarily consent to this waiver"

81.)   Defendant may be sued under this act as the Defendant committed one or more of the following acts:

    a.)   A breach of expressed or implied warranty

    b.)   An unconscionable course of action;

    c.)   A violation of the "tie-in" consumer statutes, authorized by section 17.50(h) of the Texas Business and Commerce Code;

    d.)   A false , misleading or deceptive act or practice that was relied upon by the Plaintiff.

    e.)   The Defendant's conduct was a producing cause of the Plaintiff's damages.

82.)   The Defendant knowingly and willfully sent unsolicited email to the Plaintiff as the Plaintiff had never conducted any business with the Defendant, but the Defendant's email states that the Plaintiff had signed up for such; and continued after having been given notice of the Plaintiff desire to opt out of future unsolicited mailings.

83.)   Defendant knowingly and willfully sent unsolicited email to the Plaintiff email that was and is protected under the Do Not Call list both Texas and Federal in direct violation of those acts.

84.)   Plaintiff is entitled to recover under this provision for the recovery of economic and mental anguish damages in addition to the actual damages under the tie-in statutes as further described below. Plaintiff would further assert that under this

provision of law the actions of the Defendant was knowing or intentional conduct which authorizes the jury to award the Plaintiff up to three times the amount of damages incurred as a result of the Defendant's willful conduct.

85.)   Plaintiff at no time has ever solicited the Defendant for trade and/or commerce for which is defined as the advertizing, offering for sale, sale, lease, or intangible, real personal or mixed, and any other article, commodity, or thing of value which directly or indirectly affected the Plaintiff a resident of the state of Texas.

86.)   Defendant by failure to observe the Plaintiff's request to Opt out did commit under Section 17.46 of the Texas Deceptive Trade Practice Act false, misleading, or deceptive act or practices in its conduct.  Defendant supplied notice as required that the Plaintiff's email address had been updated in its system then continued to send unsolicited emails to the Plaintiff in disregard for the law and implied warranty that the Defendant would abide by the Plaintiff's request made under the guise of law.

87.)   Defendant presented in false light that the Defendant had complied with the first request made by the Plaintiff to opt out of the solicitation by ceasing for a 3 day period the unsolicited email; however, the Defendant in violation of the opt out and state law resumed such unsolicited email up to the point that the Plaintiff sent a second opt out notice in addition to demand letter.

88.)   Plaintiff would show that under Section 46.007 a private right of action is afforded Under the Texas Deceptive Trade Practice Act (DTPA) for which the Plaintiff is a consumer protected under that act.

## XI.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF TITLE 10 CHAPTER 304 OF THE TEXAS
### BUSINESS AND COMMERCE CODE

89.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

90.)    Plaintiff asserts his third claim for relief as violation of Title 10 Chapter 304
        of the Texas Business and Commerce Code - Telemarketing

91.)    Plaintiff would show that the actions of the Defendant are equivalent to and in
        exact comparison to that of a telemarketer; as the Defendant sends unsolicited
        emails to the Plaintiff in hopes that it leads to a generation of a sale of goods or
        services.

92.)    Plaintiff would show that the email address of kyle.mccarrell73@gmail.com was
        originally required to set-up and activate an android cell phone service on phone
        number which is registered with both the State of Texas Do Not Call List,  and the
        Federal Do Not Call list.

93.)    Plaintiff would show that each of the 8 email message sent to the Plaintiff did
        appear in the window of the phone for which notification of received messages
        was provided to Plaintiff with visual and audio notification by the phone itself.

94.)    Plaintiff would show that each of the 8 emails were viewable on the Plaintiff's
        Phone, in a text format window on the Plaintiff's phone.  The Plaintiff was
        required to swipe the notification to remove the notification from the Plaintiff's
        phone screen.

95.)    Plaintiff would show that due to the occurrence happening more than 3 times in
        a given time period that this was not an isolated event.

96.)    Plaintiff would show that telecommunications are defined as the exchange of
        information over significant distances by electronic means and refers to all types
        of voice, data, and video transmission; therefore the unsolicited emails are
        covered under the telecommunications provisions.  Cell phones and internet are
        telecommunication networks.

97.)   Defendant's emails are data that is transmitted in a telecommunications platform; whether in large communications or one-on-one communications.

98.)   E-mails that are sent to the Plaintiff's phone violate the Do Not Call List provision as the phone number associated with the kyle.mccarrell73@gmail.com has been registered with the proper do not call list(s) for the time period that the Defendant sent the unsolicited mail to the Plaintiff.  Plaintiff is afforded  give a private right of action against the Defendant for an amount equal to the greater of the damages sustained or $500 for each violation in addition to both damages and an injunction unless the court determines such violation was willful then the court can grant 3 times of the aforementioned damages.

99.)   Defendant's unauthorized emails did cause the involvement of data usage on the Plaintiff's cell phone plan to be expended when the unwanted emails were downloaded to Plaintiff's cell phone.

100.)   The Defendant's unsolicited emails did interfere with the Plaintiff receiving important emails due to the Plaintiff marking their emails as spam; however, terms contained within the emails the spam filter picked up on in other emails that were of importance and sent those emails to the spam folder as well; one word that caused a huge issue was the word which is in their email header is offer.

## XII.
### FOURTH CLAIM FOR RELIEF
### VIOLATION OF TITLE 10 CHAPTER 321 OF THE TEXAS
### BUSINESS AND COMMERCE CODE
### REGULATION OF CERTAIN ELECTRONIC  MAIL

101.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

102.)   Plaintiff assert his fourth claim for relief violation of Title 10 Chapter 321 of the Texas Business and Commerce Code - Regulations of Certain Electronic Mail.

103.)   Plaintiff alleges that the Defendant knowingly, willfully and intentionally violated the Regulations set forth under this code.

104.)   This code pertains to electronic mail which is defined in the aforementioned paragraph is from one computer to another; however these emails were sent to an mobile phone.

105.)   Plaintiff alleges that the Defendant violates Section 321.052 (a)(1) by failing to place the required notice of an advertisement "ADV" in the subject line of the unsolicited communication    sent to the Plaintiff's mobile phone.

106.)   Plaintiff alleges that the Defendant violates Section 321.52 (a)(2) by failing to provide a functioning return electronic mail address to which a recipient of the message may *at no cost to the recipient,* send a reply requesting the removal of the recipient's electronic mail address from the sender's electronic mail list.  Here as the Defendant sent to a mobile phone devise which uses data plans to send and receive messages any reply would use the mobile data and therefore is not free to the recipient of the Defendant's unsolicited communications.

107.)   Plaintiff alleges the Defendant violates Section 321.52 (b) by failing to remove a person's electronic mail address from the sender's electronic mail list not later than the third day after the date the sender receives a request for removal of that address under subsection (a)(2).

108.)   Plaintiff alleges that sanctions for the breach of this subsection covered in 321.102 available are solely directed at electronic mail which is defined as communications sent between computers, and not computers to mobile phone devises.

109.)   Plaintiff alleges that Defendants violations are cause for action under the Texas Deceptive Trade Practice Act for which the failure to disclose advertisement "ADV" in the subject line and additionally misleading & deceptive material statements contained in the body of the communication gives rise to action under Subsection, Chapter 17 for which a private right of action or remedy by that

subchapter may be used to enforce the remedies under this the combined sections of 321.103 and the DTPA.

110.)   Plaintiff alleges that pursuant to 321.104 the Plaintiff has a right to recover for damages including action damages and lost profits, in addition to other "tie-in" options afforded to the Plaintiff by other Sections of Law.

111.)   Plaintiff alleges that the Defendant's action did breach of an express or implied warranty by failing to comply with the laws of this state by continuing to send solicitations after the 3 day time period set forth under Chapter 321 of the Business and Commerce Code, for which the communications were sent to a mobile devise and not a computer.

112.)   Plaintiff is not an electronic mail service provider under Section 321.105 of the Texas Business and Commerce Code.

113.)   Plaintiff alleges and restates at no point and time did the Defendant have "Direct Consent" to send unsolicited messages to the Plaintiff's mobile phone.

114.)   Plaintiff alleges that since the first opt out or unsubscribed notice was not honored by the Defendant that it took preformed the unsubscribe action twice in addition to sending a demand letter to the Defendant the Plaintiff was harmed and for which civil remedies causes of action were enacted.

115.)   Plaintiff alleges that the Defendant knowingly and intentionally sent unsolicited emails to the Plaintiff in accord with the same tactics used telemarketers; which caused harassment of the Plaintiff; and as previously address cause usage of the Plaintiff's bandwidth and data.  Defendant disregarded the unsubscribe notice whereas was done with the intent of producing a profit arising from illegal activities.

## XIII.

### FIFTH CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE

116)    Plaintiff realleges and incorporates by reference the preceding paragraphs for all
        purposes the same as if set forth herein verbatim:

117.)   Plaintiff assert his fifth claim for relief  tortious interference.

118.)   Defendant's unauthorized emails did cause interference with Plaintiff's ongoing
        work, as marking the Defendant's solicitation as spam this sent other important
        emails to the spam folder of the Plaintiff for which contained words offer or other
        words contained within the Defendant's email.

119.)   Plaintiff alleges that the Defendant's unsolicited communications did interfere
        with the Plaintiff receiving other actual important messages between parties
        seeking resolution to ongoing transactions; as the Defendant's unsolicited
        communications prevented other messages from loading on the Plaintiff's mobile
        phone.  The mobile phone has a limited number of available positions for
        downloaded communications; and junk mail can prevent needed messaged from
        being downloaded.  The Defendant committed a negligent interference by
        interfering with the business relationship between others, causing economic harm.

120.)   The Defendant knowingly and intentionally sent unsolicited emails to the Plaintiff
        in accord with the same tactics used telemarketers; which caused harassment of
        the Plaintiff; and as previously address cause usage of the Plaintiff's bandwidth
        and data.


                                    XIV.
                        SIXTH CLAIM FOR RELIEF
                                  THEFT

121.)   Plaintiff realleges and incorporates by reference the preceding paragraphs for all
        purposes the same as if set forth herein verbatim:

122.)   Plaintiff asserts his sixth claim for relief as theft.

123.)   Plaintiff asserts that the Defendant sending unsolicited emails to the Plaintiff used

the Plaintiff's cell phone data plan; this also includes where the email are converted from text to speech using further data plan of the Plaintiff.

124.) The actions of the Defendant are not covered in the concept or legal theory of the Federal Can-Spam Act; to be covered under the aforementioned act the unsolicited emails would have to be received by a computer and not a mobile phone devise.

125.) The Defendant's actions were an intrusion to the Plaintiff private cell phone, and as the current definition in law that states that email (electronic mail) is from one computer or devise to another computer.

126.) When the Defendant's unsolicited emails arrive on the Plaintiff's cell phone, they force notification on the phone which are audible and visual which these notifications cause usage of the Plaintiff's data plan, for which the Defendant does not pay for the use of the phone plan, nor does the Defendant have permission to cause an expense in the receipt of the unsolicited email upon Plaintiff's phone.

127.) The Defendants unsolicited emails did use the Plaintiff's data plan and phone storage when downloading to the phone. Downloads of emails upon the mobile phone are automatic. The Defendant did not compensate the Plaintiff for the and cause of action for which the Plaintiff was cause to incur expenses due to the willful acts of the Defendants.

128.) Plaintiff asserts that the Defendants usage of the Plaintiff data plan is theft.

## XV.
## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

129.) Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim:

130.)   Plaintiff assert his seventh claim for relief the Defendant violation of the
Telephone Consumer Protection Act.

131.)   Plaintiff alleges that the Defendant violated this act by sending unsolicited
communications repeatedly to the Plaintiff's mobile phone.

132.)   Plaintiff would show that the Phone Number associated with the email for which
the Defendant sent unsolicited emails has been registered since June 25, 2007
associated with phone number 512-507-9441 for which was required to have a
Gmail account created to activate the Plaintiff's mobile phone devise.

133.)   The email address in the verification process for registering the associated phone
number was created solely at the time for the purpose use with the mobile phone
devise.

134.)   Plaintiff alleges that the Defendant violated this provision of law by sending
unsolicited communications to a mobile phone devise whose phone number
is registered with the Federal Do Not Call List.  Plaintiff asserts that each message
that violated the provisions the Do  Not Call list is actionable under the law.

135.)   Plaintiff alleges that the actions are equivalent to violating robo-calling the
Plaintiff for which congress has set forth civil action remedies in the amount
of $10,0000.00 per violation.   Plaintiff would show that the Defendant's
willful sending of unsolicited communications to the Plaintiff's mobile phone
is the equivalent to robo-calling the Plaintiff in an attempt to make a profit
by illegal means.

## CONCLUSION

Plaintiff would show that the Federal Can-Spam act is not applicable in its current
context or applicability; as it does not at any point address unsolicited emails to mobile
phones.  Although bit and pieces of current state law address parts of the violations
committed by the Defendant there is; however, not currently a law or statute that would
preclude the Plaintiff from recovering damages in other aspects due to the Defendants

actions. Defendant cannot show that they ever had direct consent to send any unsolicited commercial email to the Plaintiff mobile phone.

This case may set forth a guide for case law for future violations where unsolicited emails are sent to mobile/cell phones; as mobile/call phones are not computers under present law and statutes.  There additionally is no way to prove that the Defendant did not acquire the Plaintiff email address from a spammer that the Plaintiff has already previously unsolicited his/her email solicitations, as the Plaintiff has never selected to nor would ever or opt in to receive junk emails from the Defendant, or any other entity for which the Plaintiff has not established a pattern of business prior to the sending of communications.  The law and repercussions of such actions simply has not caught up with today's technology; and therefore, these causes of actions will seek to set new case law and standards for spammers who choose to send emails to consumers who pay for their data plans to use mobile phone devises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kyle McCarrell prays for relief and judgment as follows:

A.)   That this Court grant a judgment in the amount of $25,000.00 for all causes of action and claims set forth in this amended petition including but not limited to economic, mental anguish, and punitive damages; and upon finding that the acts were willful by the Defendant for $75,000.00

B.)   That this Court Establish new case law pertaining to unsolicited emails being sent to mobile phones for which uses any data plan in the receipt of unsolicited commutations.

B.)   That this Court grant judgment declaring the emails in violation of the Texas Business and Commerce Code, Electronic Communications.

C.)   That this Court grant judgment declaring the emails in violation of the Telephone Consumer Protection Act.

D.)     That this Court enter a judgment declaring the Defendant's actions violate the Federal Do Not Call List and the provision thereof.

E.)     That this Court grant judgment declaring the emails in violation of the Texas Deceptive Trade Practices Act.

F.)     That this Court enter an injunction against Defendant from conducting business in the State of Texas until compliance is shown by Defendant giving such authority to transact with persons in Texas.

G.)     Issue a permanent injunction prohibit the Defendant from sending any further emails to any person in the State of Texas.

H.)     That this Court grant judgment for all costs related to this suit for which the Defendant is directed to pay directly to the court.

I.)     That this Court grant such other and further relief that it deems just and appropriate.

Dated: 2/20/2019                                    Respectfully Submitted,

                                                   /s/Kyle McCarrell
                                                   Kyle McCarrell
                                                   Plaintiff
                                                   1712 E Riverside 300
                                                   Austin, TX 78741
                                                   737-666-5674
                                                   kyle.mccarrell73@gmail.com

## UNSWORN DECLARATION
(Texas Civil Practices and Remedies Code, Section 12.001)

My name is Kyle Jason McCarrell, my Date of birth is June 02, 1973 with Month of June. My mailing address is 1712 E Riverside #300, Austin, Travis County, TX 78741, and Physical Address is 1635 Aquarena #145, San Marcos, Hays County, TX 78666.

**I declare under penalty of perjury that all information in the foregoing document titled, Plaintiff's Original Petition is true and correct.**

Signed in Hays County, Texas on this the 10th day of February 2019.

/s/Kyle McCarrell
Kyle McCarrell

Pursuant to Texas Civil Practices and remedies Code, Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath or affidavit required by statute or required by rule, order, or requirement adopted as provided by law.

## CERTIFICATE OF SERVICE

I, Kyle McCarrell, Plaintiff in the above styled and number cause do hereby affirm that a true and correct copy of this document is being served upon the Defendant via the court's electronic file manager via the Defendant's Counsel of Record on this the 10th day of February, 2019:

Offer.com
c/o Peter D Kennedy Attorney at Law
pkennedy@gdhm.com

/s/Kyle McCarrell
Kyle McCarrell