# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KYLE MCCARRELL** | § | |
| | § | |
| v. | § | 1:19-CV-00112-LY |
| | § | |
| **OFFERS.COM LLC** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand (Dkt. No. 12), and Defendant's Response (Dkt. No. 14); and Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 23). Plaintiff did not filed a response to Defendant's Second Motion to Dismiss. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Kyle McCarrell brings this suit against Offers.com ("Offers") and claims Offers committed violations of the Telephone Consumer Protection Act (TCPA), the federal and state Do-Not-Call lists, The Texas Deceptive Trade Practices Act, and Chapter 321 of the Texas Business and Commerce Code. McCarrell initially filed suit in state court, which Offers removed in a notice of removal on February 15, 2019. Offers operates a website, offers.com, that provides consumers free access to coupons and other offers from retailers. McCarrell alleges that he began receiving unsolicited emails from Offers on December 19, 2018 and received a second email on December 21, 2018. McCarrell states that he used the opt out link provided in the unsolicited email received on December 21 to remove himself from the email mailing list of the Defendant. McCarrell alleges that

he received confirmation of his removal and temporarily ceased receiving unsolicited emails, but then began receiving emails again from Offers. Offers sent at least seven emails from December 25, 2018 to December 31, 2018. McCarrell asserts that he did not have reason to receive the emails as he did not conduct any business with Offers. Finally, McCarrell states that he received these emails on his smartphone. McCarrell now brings a Motion to Remand and Offers brings a Motion to Dismiss based on McCarrell's Second Amended Complaint.

## II. LEGAL STANDARD

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723. The removing party bears the burden of showing that the removal was proper. *Frank v. Bear Stearsns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). Removal raises significant federal concerns, and thus, "the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A timely filed motion for remand requires a federal district court to remand a case to state court if the defendant has not satisfied the statutory requirements for removal. 28 U.S.C. § 1446 sets forth the procedures for removal. In addition, § 14479(c) authorizes remand for procedural noncompliance with the removal statute, where the noncompliance is timely raised by the opposing party. 28 U.S.C. 1447(c) ("A motion to remand the

case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). Finally, although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted), *cert. denied*, 537 U.S. 1200 (2003).

## III. ANALYSIS

A.  **Motion to Remand (Dkt. No. 12)**

The Court first turns to McCarrell's Motion to Remand. Defendants removed this action on February 15, 2019, and McCarrell timely filed the motion to remand on March 11, 2019. McCarrell seeks remand based on several counts. First, McCarrell argues that Offers fails to state in the Notice of Removal that the amount in controversy is in excess of $75,000 and that, as a result, the Court lacks diversity jurisdiction. This, however, is not relevant as Offers removed the case based not on diversity jurisdiction, but rather on federal question jurisdiction under 28 U.S.C. § 1331 because McCarrell raises claims under the Lanham Act and the TCPA. (Dkt. No. 1, 1-2). McCarrell also argues that there is concurrent state and federal jurisdiction under the Lanham Act. This, however, again, is not relevant as removal is proper in "any civil action brought in a State court of which the district courts of the Untied States have original jurisdiction." 28 U.S.C. § 1441(a). McCarrell also argues that the removal was defective because the Notice of Removal did not include written discovery that he had served in state court. However, § 1446(a) only requires "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Here, Offers offered a short and plain statement as well as the entire state court file; as Offers rightly argues, discovery is not included under "process," "pleadings," or "orders." *See also.* 20 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 42 (2d ed. 2019); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285 (11th Cir. 1985) (holding that a failure to attach copies of these papers was not a jurisdictional defect).

McCarrell next argues that subject matter jurisdiction cannot be waived. This, however, is not relevant as McCarrell's Second Amended Petition confers federal subject matter jurisdiction as McCarrell brought separate causes of action under the Lanham Act and the Telephone Consumer Protection Act. Separately, McCarrell argues that there is a violation of the well-pleaded complaint rule given that a claim that is cognizable under both state and federal law, but that makes no reference to federal law doesn't give rise to federal question jurisdiction. Again, here too, McCarrell's Second Amended Petition clearly brings separate claims under the Lanham Act and the TCPA. In addition, McCarrell argues that he filed with the Court a notice of dismissal of his Lanham Act claim. Again, this would not make Offers' removal defective given that the Second Amended Petition also contained the TCPA claim, and given further that the propriety of removal is judged based on the state of the claims as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The Court therefore recommends that McCarrell's Motion to Remand be **DENIED**.

**B.      Motion to Dismiss (Dkt. No. 23)**

Offers moves under FED. R. CIV. P. 12(b)(6) to dismiss all of McCarrell's claims for failure to state a claim.

**1.      TCPA**

In his Second Amended Petition, McCarrell alleges a claim for violation of the TCPA. The TCPA provides that:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice. . .to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call,

5

unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1). This prohibition includes sending text messages. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016); *Blow v. Bijora, Inc*, 855 F.3d 793, 798 (7th Cir. 2017). The Fifth Circuit has stated that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015). Furthermore, an automatic telephone dialing system is defined as equipment with the capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). As Offers rightly argues, McCarrell's Second Amended Complaint ("SAC") does not allege that a call was made to a cellular telephone number using an automatic telephone dialing system, but rather alleges that Offers sent an email to an email address. The TCPA does not regulate email messages, but rather regulates telephone calls and facsimile messages. McCarrell claims that he received the emails in question on his smartphone. However, the mere fact that emails sent to an email address are read on a smartphone does not bring them within the TCPA. *Prukala v. Elle*, 11 F.Supp.3d 443, 449 (M.D. Pa. 2014) (holding that emails received on the same device plaintiff used as a telephone did not bring such communications under the TCPA); *In the Matter of Westfax, Inc.*, 30 F.C.C. Rcd, 8620, 8623-24 (F.C.C. 2015) ("While we understand that the harm to recipients may be the same whether the efax begins as a fax or email, the Commission has previously interpreted the TCPA to apply only to those that begin as faxes."). Given that the McCarrell does not allege that a phone call was made, he fails to state a claim under the TCPA.

### 2. DTPA

McCarrell also alleges a claim under the Texas Deceptive Trade Practices Act (DTPA). To prove a violation of the DTPA, a plaintiff must show: (1) that he was a consumer with regard to the transaction; (2) the defendant engaged in false, misleading, or deceptive acts, and (3) the acts were a producing cause of the plaintiff's injuries. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). A "consumer" under the DTPA is an individual "who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more." TEX. BUS. & COMM. CODE § 17.45; *Hurd v. BAC Home Loans Serv., LP*, 880 F.Supp.2d 747, 765 (N.D. Tex. 2012). Here, McCarrell explicitly denies being a consumer. McCarrell states that "at no time has the Plaintiff consulted with, engaged with, or otherwise conducted any business with the Defendant that would allow the Defendant to purport to 'hand pick' any offer related to the Plaintiff's needs, wants or desires." (Dkt. No. 21 at 3). In addition, nothing in the facts that McCarrell alleges suggests that he was seeking or acquiring by purchase or lease any goods or services. Given that McCarrell's SAC cannot show that he was a consumer, he has failed to state a claim under the DTPA.

### 3. TEX. BUS. COMM. CODE § 321 and Preemption

McCarrell next alleges a violation of § 321 of the Texas Business and Commerce Code. Offers argues that § 321 is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 15 U.S.C. §§ 7701-7713 ("CAN-SPAM Act"). The Supremacy Clause of the Constitution "provides a clear rule that federal law 'shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state

to the Contrary notwithstanding.'" *Arizona v. United States*, 567 U.S. 387, 399 (2012) (quoting Art. VI, cl. 2). There are three types of preemption: express, field, or conflict. *Id.* The first applies where Congress has enacted a statute with an express preemption provision. *Id.* Field preemption exists when there is a "framework of regulation 'so pervasive . . . that Congress left no room for the States to supplement it' or where there is a 'federal interest . . . so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* at 399 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). Conflict preemption, on the other hand, exists when "compliance with both federal and state regulations is a physical impossibility," or in "those instances where the challenged state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (quoting *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43 (1963) and *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). "In preemption analysis, courts should assume that the historic powers of the States are not superseded unless that was the clear and manifest purpose of Congress." *Id.* at 400 (internal quotations omitted).

In this case, Offers argues that McCarrell's claim is expressly preempted by the CAN-SPAM Act. The allegedly preempted statute, Chapter 321, was enacted to regulate commercial email in several ways. Section 321.051(b), the section which prohibits certain conduct, states:

> (b) A person may not intentionally transmit a commercial electronic mail message that:
>
> (1) is an unsolicited commercial electronic mail message and falsifies the electronic mail transmission or routing information;
>
> (2) contains false, deceptive, or misleading information in the subject line; or
>
> (3) uses another person's Internet domain name without the other person's consent.

8

TEX. BUS. & COM. CODE § 321.051. Section 321.052 lists affirmative requirements and states:

> (a) A person may not intentionally take an action to transmit an unsolicited commercial electronic mail message unless:
>
> > (1) "ADV:" appears first in the subject line of the message or, if the message contains obscene material or material depicting sexual conduct, "ADV: ADULT ADVERTISEMENT" appears first in the subject line; and
> >
> > (2) the sender or a person acting on behalf of the sender provides a functioning return electronic mail address to which a recipient of the message may, at no cost to the recipient, send a reply requesting the removal of the recipient's electronic mail address from the sender's electronic mail list.
>
> (b) A sender shall remove a person's electronic mail address from the sender's electronic mail list not later than the third day after the date the sender receives a request for removal of that address under Subsection (a)(2).

*Id.* at §§ 321.052(a)(1), (2), & (b). The CAN-SPAM Act contains an express preemption provision which states:

> **(1) In general.** This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.
>
> **(2) State law not specific to electronic mail.** This chapter shall not be construed to preempt the applicability of–
>
> > **(A)** State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
> >
> > **(B)** other State laws to the extent that those laws relate to acts of fraud or computer crime.

15 U.S.C. § 7707(b)

It does not appear the Fifth Circuit has addressed whether Chapter 321 is preempted by the CAN-SPAM Act. Looking at § 321.052 first, the CAN-SPAM Act's express preemption provision

covers 321.052, as the section clearly is created by the state to expressly regulate the use of electronic mail to send commercial messages, albeit with a narrow exception for fraud and deception. Other courts have found similar state laws that have attempted to regulate the use of electronic mail to send commercial messages to be preempted by the Act. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061 (9th Cir. 2009); *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006). The court in *Gordon* stated:

> Having independently analyzed the CAN-SPAM Acts's text, structure, and legislative purpose, we reach the same conclusion as the district court and the Fourth Circuit, and interpret the CAN-SPAM Act's express preemption clause in a manner that preserves Congress's intended purpose—*i.e.*, to regulate commercial e-mail "on a nationwide basis," 15 U.S.C. § 7701(b)(1), and to save from preemption only "statutes, regulations, or rules that target fraud or deception," S.Rep. No. 108-102, at 21.
>
> The CAN-SPAM Act established a national standard, but left the individual states free to extend traditional tort theories such as claims arising from fraud or deception to commercial e-mail communication. To find otherwise would create "an exception to preemption [that] swallow[s] the rule and undermine[s] the regulatory balance that Congress established," *Omega*, 469 F.3d at 356, and which would once again subject legitimate businesses to inconsistent and possibly incompatible state regulations.

*Gordon*, 575 F.3d 1061-63. Here, 321.052 is exactly the type of regulation that Congress had in mind when it sought to expressly preempt state laws that regulate the use of electronic mail to send commercial messages.

Though a claim under § 321.052 is preempted, McCarrell also purports to bring a claim under § 321.051. That section relates to fraud and deception and would appear to fall within the exception to the express preemption provision of the CAN-SPAM Act. However, McCarrell does not allege that the messages he received falsified the electronic mail transmission or routing information, contained deceptive information in the subject line, or used another person's internet domain name without the other person's consent. Thus, he has failed to allege the fundamental elements of a claim

10

under § As 321.051. Accordingly, McCarrell fails to state a claim under the Texas Business and Commerce Code.

### 4. Do-Not-Call Laws

Finally, McCarrell alleges claims under the state and federal do-not-call laws. Chapter 304 of the Texas Business and Commerce Code is the relevant state law concerning the state registry. Section 304.052 states that a "telemarketer may not make a telemarketing call to a telephone number published on that no-call list more than 60 days after the date the telephone number appears on the current list." TEX. BUS & COM. CODE § 304.052. McCarrell's SAC makes no mention of a "telemarketing call," which is defined by the Code as an "unsolicited telephone call" made to solicit a sale of a consumer good or service, solicit an extension of credit for a consumer good or service, or obtain information that may be used to solicit a sale of a consumer good or service or to extend credit for the sale. *Id.* at § 304.002(9). The relevant portion of the Code does not regulate email, and email is the focus of McCarrell's allegations in his SAC. To the extent McCarrell makes a claim under the federal do-not-call registry, he fails to state a claim because that registry is regulated by TCPA, and the TCPA, as discussed previously, applies to telephone calls, not emails. Thus, McCarrell has failed to state a claim under either Texas or federal do-not-call laws.

## IV. VEXATIOUS FILINGS

In the past two years, McCarrell has filed at least two other cases in the Austin Division of the Western District of Texas that were dismissed as frivolous. *See McCarrell v. Davis*, 1:17-cv-668-LY; *McCarrell v. Sprint*, 1:17-cv-966-LY. In both of those cases, he was granted leave to proceed *in forma pauperis*. Because this case was removed by the Defendant, McCarrell did not seek leave to proceed IFP, because he had already made that application in the state court. *See* Dkt.

No. 1-2 at 9-10. Given McCarrell's recent history of filing cases in this Court that have been dismissed as frivolous, coupled with discussion above and the recommendation below, the undersigned both:

> (1) **WARNS** McCarrell that if he files any additional suit that is later found to be subject to dismissal as frivolous, he may be subject to the imposition of a sanction, including either a monetary assessment, a bar to filing future suits, or both; and

> (2) **RECOMMENDS** that the district court, at a minimum, similarly warn McCarrell.

## V. RECOMMENDATION

Based on the preceding discussion, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Plaintiff's Motion to Remand (Dkt. No. 12) and **GRANT** Defendant's Motion to Dismiss (Dkt. No. 23).

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)©; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 16th day of July, 2019

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE